| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 92 CR 652-5 |
| | ) | |
| | ) | Judge William J. Hibbler |
| | ) | |
| ROBERT J. TEZAK, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RULE TO SHOW CAUSE
## AND REVOCATION OF SUPERVISED RELEASE

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, pursuant to Fed.R.Crim.P.32.1, moves for a rule to show cause why Robert J. Tezak's supervised release should not be revoked, and further requests a finding of default on payment of restitution and an order for contempt and the sale of property pursuant to 18 U.S.C. § 3613A(a)(1) and/or resentencing pursuant to 18 U.S.C. § 3614 based on Tezak's willful refusal to pay restitution and failure to make sufficient bona fide efforts to pay restitution. The grounds for this motion are as follows:

1.      On July 29, 1994,  this court entered judgment in favor of the United States and against Tezak in the amount of $1,197,953.30. Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment a lien arose on all of Tezak's property and rights to property.  As of September 27, 2010, Tezak has made only nominal payments totaling $5,054.02, and has an outstanding balance of $1,192,899.28.

2.      Fed.R.Crim.P.32.1, provides that a defendant who violates probation or supervised release may be punished at the court's disposition.

3.      Tezak has attempted to shield his property from collection efforts by concealing sources available to pay restitution.  For example:

a.      In January, 2007 a condominium located at 8 Biltmore Estates #107, Phoenix, Arizona 85016 was purchased for $798,000, in the name of Quentin Tezak and Betty Tezak, parents

of the judgment debtor, as nominees for their son.  In November, 2007 a second condominium located at 2 Biltmore Estates Drive #103, Phoenix, Arizona 85016 was purchased for $2,600,000 in the name of Tezak Investment Corporation, as nominee of Robert J. Tezak (Exhibit A);

  b. Tezak claims not own any property and claims to be living with his elderly parents at  2340 S. Standage, Mesa, Arizona 85202.  However, documents obtained from The Fairway Lodge at the Biltmore Condominium Association pursuant to a subpoena show that Tezak placed a number of calls to the service desk for services needed in his unit; a Gate Information Request Form lists Tezak as the new resident living at 2 Biltmore Estates Drive #103, Phoenix, Arizona 85016 and his request to not show his name in the screen for visitors (Exhibit B).

  c. Tezak has been using Tezak Investment Corporation as a means to conduct all of his financial transactions.  Although Tezak claims that this business is owned by his parents, he is listed as its President. (Exhibit C).

  d. Tezak last reported to his Probation Officer on or about September 6, 2010 and disclosed that his net wages are $184.68 per month to justify his $50.00 payment toward restitution (Exhibit D).

  e. Tezak has a joint checking account with his parents with JP Morgan Chase Bank on which he claims to be only a signatory, but it appears from the account records that Tezak has been using checking account for unnecessary and unreasonable expenses, including dining at expensive restaurants where he spends more than $800 per visit and numerous spa visits at the Biltmore Estates.  Tezak also withdrew $2,900 from this account in a matter of three days (July 6-8, 2010) during his trip to Illinois (Exhibit E).

  f. Tezak has been seen driving a 2005 Mercedes registered in his parents' names, and documents from State Farm Insurance show that Tezak has filed claims for a number of accidents he had in this vehicle. (Exhibit F).

  4. Tezak's use of nominees to hold real and personal property for his own benefit, misrepresentations to the United States Probation Office, and meager restitution payments show that

Tezak has failed to make sufficient bona fide efforts to pay restitution and that Tezak's disregard for his restitution obligation and failure to pay restitution is willful. 18 U.S.C. § 3614(b)(1).

5.      A defendant ordered to pay restitution is in default when he has failed to pay what he could in good faith. *United States v. Trigg*, 119 F.3d 493, 500 (7th Cir. 1997)(citing *United States v. Jaroszenko*, 92 F.3d 486, 492 (7th Cir. 1996); *United States v. Ahmad*, 2 F.3d 245, 249 (7th Cir. 1993)). Pursuant to 18 U.S.C. § 3613A(a)(1), if a defendant defaults on a restitution order, the court may resentence the defendant under 18 U.S.C. § 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of the defendant's property, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance. *United States v. Vitek Supply Co.*, 151 F.3d 580, 584 (7th Cir. 1998)(pre-MVRA).

6.      In determining the appropriate action, the court must consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order. 18 U.S.C. § 3613A(a)(2).

7.      The court may resentence a defendant who knowingly fails to pay restitution to any sentence which might have originally been imposed, 18 U.S.C. § 3614(a), or a term of imprisonment for willful refusal to pay or failure to make sufficient bona fide efforts to pay, 18 U.S.C. § 3614(b). But a defendant may not be incarcerated solely on the basis of inability to pay. 18 U.S.C. § 3614(c). *United States v. Lippitt,* 180 F.3d 873, 875 (7th Cir. 1999)(affirming contempt order and resentencing to term of imprisonment).

WHEREFORE, for the foregoing reasons, requests that this court enter a rule ordering Robert J. Tezak, to appear before this court on a date and time certain and show cause why the court should not hold him in contempt of court for violating the terms and conditions of his supervised release.

Further, the United States moves for an order finding Tezak in default on payment of restitution for his failure to make sufficient bona fide efforts to pay restitution or willful refusal to pay restitution and prays for the following relief pursuant to 18 U.S.C. §§ 3613A and 3614:

A.     Order that defendant pay the restitution balance within 60 days;

B.     Hold the defendant in contempt of court by tolling the period of his supervised release until the restitution is paid;

C.     Enter an injunction enjoining defendant from transferring or dissipating assets in which defendant has a nonexempt interest;

D.     Order the sale of condominiums located at 8 Biltmore Estates #107, Phoenix, Arizona 85016 and 2 Biltmore Estates Drive #103, Phoenix, Arizona 85016.

E.     Resentence defendant under 18 U.S.C. § 3614 for willfully failing to pay restitution.


Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By: s/Melissa A. Childs
    MELISSA A. CHILDS
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-5331
    melissa.childs@usdoj.gov