Robert J. Tezak

2340 S. Standage

Mesa, AZ 85202-6615

Pro se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION


UNITED STATES OF AMERICA )

           v           )

                    )    No. 92 CR 652-5

ROBERT J. TEZAK        )    Judge Matthew F. Kennelly

           Defendant   )    Answer to Turnover Petition

and                    )

ILLINOIS MUNICIPAL RETIREMENT)

FUND and JP MORGAN CHASE   )

BANK NA and MERRILL LYNCH    )

**FILED**

DEC X 3 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT


Comes now the Defendant, Robert J. Tezak, and makes the following answer to the Motion for Turnover Orders on Illinois Municipal Retirement Fund and JP Morgan Chase Bank NA and Merrill Lynch.

## DEFENDANT'S RESPONSE IN OBJECTION TO THE U.S. ATTORNEY'S MOTION FOR TURNOVER ORDER

The Defendant Robert J. Tezak respectfully objects to the U.S. Attorney's Motion for [a] Turnover Order and in support thereof, sets forth the following:

At the outset, it is noteworthy that the aggregate figure of $1,199,159.91, cited by the U.S. Attorney as the "outstanding balance," upon which its subject motion is predicated, constitutes an erroneous calculation. The prosecution fails to take into consideration the May 17, 1996 Order issued by the Honorable Judge Charles Case, with the United States Bankruptcy Court (attached hereto as Exhibit "A" and incorporated therein by reference). The subject Order approved a Settlement Agreement (attached hereto as Exhibit "B" and incorporated therein by reference) between Mr. Tezak and the Restitution Claimants and payment was dutifully made by the Defendant in compliance with same ( Exhibit "C" attached hereto and incorporated therein by reference). This remittance should clearly offset the "outstanding" balance enumerated by the U.S. Attorney's Office.

At this juncture, the Defendant feels it incumbent to bring to the attention of this Honorable Court, a troubling pattern which reflects an appearance of impropriety on the part of the prosecution, given information to which it is privy, yet consistently fails to bring to the attention of the Bench. In other words, not only should this exhaustive satisfaction of restitution sum be credited to Mr. Tezak, but lamentably, it constitutes an ongoing course of conduct on behalf of the U.S. Attorney's Office, that constitutes negligence, if not outright malfeasance (especially

in light of the inordinate amount of time and attention the U.S. Attorney's Office has felt compelled to invest in the selective prosecution of this Defendant).

For this Honorable Court's edification and quick reference, at both Mr. Tezak's probation revocation hearing and subsequent sentencing, the prosecution repeatedly made reference to a failure of the Defendant to make restitution that was purportedly due and owing. Despite these representations in open Court and as cited within the Government's Position Paper Upon Revocation of Probation (dated 12/21/12), the "outstanding restitution balance is $532,799.82," an accord and satisfaction had been negotiated and payment dutifully tendered (see Exhibits "A," "B" and 'C"). This is extremely perplexing and needless to say, a source of consternation, since the subject Settlement Agreement constituted an amicably reached exhaustive resolution of the subject debt between the Defendant and all Restitution Claimants.

The U.S. Attorney's steadfast refusal to recognize this satisfaction of the restitution amount in issue appears to stem from its recalcitrance with the Court-approved negotiated sum, as demonstrated by it tenacious efforts to combat the Decision of the Bankruptcy Court, *to wit*: 1) on or about January 3, 1995, the prosecution formerly objected to the restitution arrangement set forth in the propounded Settlement Agreement; 2) on or about April 24, 1995, the Honorable Judge Charles Case overruled the objection of the U.S. Attorney's Office, concerning the subject distribution of funds; 3) in the wake thereof, the U.S. Attorney's Office filed a Motion for Reconsideration of the Court Order issued on April 24 1995; 4)on June 6, 1995, the United States Bankruptcy Court ordered that the Motion for

Reconsideration be denied; 5) unfortunately, the obstinate behavior of the U.S.

Attorney's Office continued undaunted, given the fact that on July 6, 1995, it filed a

Notice of Appeal, regarding the Order denying the Motion for Reconsideration and

6) on January 9, 1996, the United States District Court, acting for the Bankruptcy

Appellate Panel, dismissed the appeal filed by the U.S. Attorney's Office.

The insistence of the U.S. Attorney's Office that payment by the Defendant was

still due and owing to the Restitution Claimants, was also ostensibly precipitated by

a missive from Attorney Schulman back in 1996. (see the Government's Position

Paper Upon Revocation of Probation at page 13). At the expense of repetition,

subsequent communiqués from Attorney Schulman belie the U.S. Attorney's position

in this regard (see Exhibit "C").

Separate and apart from these inefficacious protestations from the U.S. Attorney's

Office, concerning the negotiated exhaustive settlement of the "outstanding"

restitution, the Defendant maintains his pension benefits, as vested within the

Illinois Municipal Retirement Fund (of which the movant covets a 25% net interest),

are exempt from seizure pursuant to Illinois Compiled Statutes 40 ILCS 5/7-217.

This section sets forth, in pertinent part: "...All moneys in the Fund created by this

Article...shall not be subject to judgment, execution, garnishment, attachment or

other seizure by process..." The unambiguous language embodied within this statute

section directly contravenes the U.S. Attorney's self-serving assertion that it "is

entitled to 25% of the Defendant's net monthly pension fund benefit ... until the debt

is paid in full..." (Motion for Turnover Order at pg. 2).

It is safe to conclude that the Legislatures underlying reasoning, in terms of drafting the subject section, entitled "Payment of Benefits and Assignments," was to protect the pensions of former employees from seizure, given this meager subsistence, upon which hard-working retirees are solely reliant for their day to day survival. In juxtaposition to the picture the prosecution attempts to paint of Robert J Tezak's current financial posture, absent the largesse of his Father, the Defendant leads an austere lifestyle. In point of fact, faced with crippling debt, a paucity of assets and an inability to earn income, Mr. Tezak was forced to fie for bankruptcy.

Bottom line: the Defendant clearly comes within the penumbra of those protected (as contemplated by the Illinois Legislature) in their "golden years," who are relegated to eke out a modest existence. Accordingly, Mr. Tezak is exempt from the U.S. Attorney's incessant efforts to invade his limited net monthly pension fund benefits. The prosecution's nefarious conduct along these lines was further reflected in its seizure of the Defendant's Merrill Lynch (IRRA) Account to the tune of approximately $18,325.00 (pursuant to this Honorable Court's Turnover Order, dated 5/14/14), as $10,000 of this aggregate figure had been transferred from the Mr. Tezak's Illinois Municipal Retirement Fund.

As an aside, it should be noted that the U.S. Attorney's Office unjust "Gestapo" tactics, in terms of recouping the "erroneously" cited outstanding balance, have included a restraint on the bank accounts of the Defendant's parents. Two bank accounts, which belonged exclusively to Betty and Quinten Tezak, were frozen in 2010 and access to same denied them until this hold was lifted on or about November 17, 2014! At the expense of stating the obvious, these bank accounts

should never have been restrained and it was improper for the prosecution to impute the solvency of the Defendant's now lone surviving parent (Quinten Tezak) to Robert J. Tezak's current financial predicament and concomitant "individual" ability to make recompense.

In sum, the Defendant maintains the outstanding balance, as depicted in the U.S. Attorney's Turnover Motion is faulty, given that all Restitution Claimants have been compensated (which invariably brings to the fore the following rhetorical query: to whom is this "purported" restitution to be paid?); having filed for bankruptcy, his current financial posture necessitates a reliance on the entirety of net monthly pension fund benefits and the applicable statutory section, set forth above, prohibits the seizure of same.

WHEREFORE, the Defendant respectfully objects to the U.S. Attorney's Motion for a Turnover Order and humbly requests that it be summarily denied by this Honorable Court.

# EXHIBIT "A"

i/15/12    U.S. Bankruptcy Court, District of Arizona

# U.S. Bankruptcy Court
## District of Arizona (Phoenix)
### Adversary Proceeding #: 2:95-ap-00663-CGC

*Assigned to:* Judge Charles G. Case II
*Lead BK Case:* <u>94-02013</u>
*Lead BK Title:* NANCY L. TEZAK
*Lead BK Chapter:* 11

*Date Filed:* 09/19/95
*Date Terminated:* 05/20/96

*Demand:* 0

*Nature[s] of Suit:* 426 Dischargeability 523

*Plaintiff*
————————

**USA**

represented by **RICHARD G. PATRICK**
U.S. ATTORNEY'S OFFICE
TWO RENAISSANCE SQUARE
40 N. CENTRAL AVE., #1200
PHOENIX, AZ 85004-4408
602-514-7733
Fax : 602-514-7760

*Plaintiff*
————————

**STANDARD MUTUAL INS. CO.**

*Plaintiff*
————————

**CONTINENTAL CASUALTY CO.**

*Plaintiff*
————————

**CITY OF JOLIET, IL**

represented by **WENDY D. WOODROW**
JENNINGS, STROUSS & SALMON, PLC
THE COLLIER CENTER, 11TH FL.
201 E. WASHINGTON ST.
PHOENIX, AZ 85004-2385
602-262-5911
Fax : 602-253-3255

i/15/12                    U.S. Bankruptcy Court, District of Arizona

V.

*Defendant*
_____

**ROBERT J. TEZAK**                     represented by **ROBERT M. COOK**
                                        LAW OFFICES OF ROBERT M. COOK PLLC
                                        219 W SECOND ST
                                        YUMA, AZ 85364
                                        928-782-7771
                                        Fax : 928-782-7778
                                        Email: robertmcook@yahoo.com

*Defendant*
_____

**NANCY TEZAK**                         represented by **ROBERT M. COOK**
                                        (See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 09/19/1995 | 1 | COMPLAINT, Summons Issued 9/20/95 by mail, [DF], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 09/20/1995) |
| 04/10/1996 | 2 | APPLICATION for Default against Robert J. Tezak & Nancy L. Tezak Certificate of Srvc of sumns & cmplt on 2/28/95 upon Robert M. Cook; Robert Tezak, Nancy Tezak Re: Item # 1, [DF], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 04/11/1996) |
| 04/15/1996 | 3 | NOTICE of Hearing on 05/09/96 at 11:00 a.m. at U.S. Bankruptcy Court, 2929 N. Central Ave., 10th Floor, Courtroom 6, Phoenix, AZ Re: Item # 2, [DF], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 04/17/1996) |
| 04/22/1996 | 4 | NOTICE [of motion & hrg] fld by Pltffs Re: Item # 2 [Entered: 04/23/96], [LN] CERTIFICATE of Mailing , [LN], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 04/23/1996) |
| 05/08/1996 | 5 | ANSWER by dfndts Re: Item # 1, [DF], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 05/10/1996) |
|  |  | MINUTE Entry: MOTION FOR ENTRY OF ORDER FOR DEFAULT AND JUDGMENT AGAINST ROBERT AND NANCY |

U.S. Bankruptcy Court, District of Arizona
i/15/12

| 05/09/1996 | 6 | TEZAK FILED BY PLAINTIFFS {00250218} Re: Item # 2, [RHO], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 05/10/1996) |
|---|---|---|
| 05/16/1996 | 8 | MINUTE Entry: STATUS HEARING ON MOTION FOR ENTRY OF ORDER FOR DEFAULT AND JUDGMENT AGAINST ROBERT AND NANCY TEZAK FILED BY PLAINTIFFS {00251818} Re: Item # 2, [RHO], ORIGINAL NIBS DOCKET ENTRY #8 (Entered: 06/03/1996) |
| 05/17/1996 | 7 | ORDER Approving Setlmnt Agrmnt btwn Dbtrs & Restitutees & Paymnt of Restitutees from Everen Securities Account. Frthr Ordrd Nancy Tezak with Power of Atty for Robert J. Tezak may pay to Restitutees in the amt of $50,000 frm acct #TV06 7748-2596, Everen Securiti es. Re: Item # 1, [DF], ORIGINAL NIBS DOCKET ENTRY #7 (Entered: 05/20/1996) |
| 05/17/1996 | 9 | MINUTE Entry: CONTINUED STATUS HEARING ON MOTION FOR ENTRY OF ORDER FOR DEFAULT AND JUDGMENT AGAINST ROBERT AND NANCY TEZAK FILED BY PLAINTIFFS [FROM 5-16-96] {00252281} Re: Item # 2, [RAC], ORIGINAL NIBS DOCKET ENTRY #9 (Entered: 06/06/1996) |
| 07/01/1997 | 10 | STIPULATION of Dismissal Pursuant to F.R.B.P.7041[a] 1 Re: Item # 1, [DF], ORIGINAL NIBS DOCKET ENTRY #10 (Entered: 07/03/1997) |
| 01/05/2003 | 11 | Federal Records Center Box No. 57/100, Accession No. 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, Location BB 20559, [MIS], ORIGINAL NIBS DOCKET ENTRY #10= (Entered: 01/05/2003) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/15/2012 16:32:39 | | | |
| PACER Login: | rc0062 | Client Code: | Tezak |
| Description: | Docket Report | Search Criteria: | 2:95-ap-00663-CGC Fil or Ent: filed From: 1/1/1995 To: 3/15/2012 Doc From: 0 Doc To: 99999999 Format: html |
| Billable | | | |

3/.

1/15/12

Case: 1:92-cr-00652 Document #: 470 Filed: 12/03/14 Page 11 of 33 PageID #:1089
U.S. Bankruptcy Court, District of Arizona

| Pages: | 1 | Cost: | 0.08 |

# EXHIBIT "B"

Robert M. Cook (SBN 002628)
THE LAW OFFICES OF ROBERT M. COOK
201 West Second Street
Yuma, Arizona 85364
Telephone: (520) 539-0959
Facsimile: (520) 539-0960

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NANCY L. TEZAK,<br><br>        Debtor.<br>_____<br><br>In re:<br><br>ROBERT J. TEZAK,<br><br><br><br><br><br>        Debtor.<br>_____ | In Proceedings Under<br>Chapter 11<br><br>Case No.: B-94-02013-PHX-CGC<br><br>Case No.: B-94-02014-PHX-CGC<br>(Jointly Administered)<br><br>**RULE 9019 MOTION AND NOTICE<br>THEREOF FOR APPROVAL OF<br>COMPROMISE OF CLAIM RE SETTLE-<br>MENT AGREEMENT (RESTITUTION)**<br><br>**Hearing Date: Dec. 19, 1995<br>Hearing Time: 9:00 a.m.** |

Debtors, by and through their undersigned attorney, and pursuant to Rule 9019, hereby respectfully requests that this Court enter its order approving of the attached Settlement Agreement. It is anticipated that the Agreement shall be fully executed by the time of the hearing.

RESPECTFULLY SUBMITTED this 24 day of January, 1996.

THE LAW OFFICES OF ROBERT M. COOK

By_____
    Robert M. Cook
    201 West Second Street
    Yuma, Arizona 85364
    Attorney for Debtors

. . .

1  **COPY** of the foregoing mailed
   <u>via</u> overnight service
2  this 24 day of
   January, 1996, to:
3
   Clerk of the Court
4  U.S. Bankruptcy Court
   2929 North Central Avenue
5  Phoenix, Arizona  85012
6
7  _____
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                    2
28

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made and entered into as of December __19__, 1995, by and among Robert J. Tezak ("Debtor"), Standard Mutual Insurance Company ("Standard Mutual"), Continental Casualty Company ("CNA"), the City of Joliet, Colonial Penn Insurance Company ("Colonial Penn"), Claims and Inspection Services, Inc., and Crest Hill Fire Department (collectively, the "Restitution Claimants").

WHEREAS, the Debtors filed voluntary cases under Chapter 11 of Title 11, United States Code, on March 4, 1994.

WHEREAS, the Restitution Claimants have asserted against the Debtor, or have been scheduled by the Debtor, as holding the following respective claims:

| | |
|---|---|
| Standard Mutual | $ 324,943.20 |
| CNA | $ 132,940.15 |
| City of Joliet | $ 38,296.12 |
| Colonial Penn | $ 28,513.00 |
| Claims and Inspection Services, Inc. | $ 9,131.00 |
| Crest Hill Fire Department | $ 1,000.00 |
| **TOTAL** | $ 534,823.47 |

WHEREAS, on October 21, 1994, the Debtor filed his Joint Plan of Reorganization and First Amended Disclosure Statement.

WHEREAS, Standard Mutual, CNA, and the City of Joliet, have voted to reject the Debtor's Plan of Reorganization and have filed written objections to confirmation of the Debtor's Plan of

Reorganization.

WHEREAS, on September 13, 1995, the United States, Standard Mutual, CNA, and the City of Joliet, filed a complaint against the Debtor in the United States Bankruptcy Court, for the District of Arizona, to determine dischargeability of debts pursuant to 11 U.S.C. §§ 523(a)(7) and 523(a)(13) (the "Dischargeability Proceedings").

NOW, THEREFORE, for and in consideration of the premises, the mutual covenants hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, the parties hereby agree as follows:

1.   The Debtor shall pay to the Restitution Claimants the aggregate amount of $269,000.00 to be distributed pro rata among the Restitution Claimants (the "Settlement Payments") as follows:

| | |
|---|---|
| Standard Mutual | $ 163,436.45 |
| CNA | $ 66,864.85 |
| City of Joliet | $ 19,261.83 |
| Colonial Penn | $ 14,341.21 |
| Claims and Inspection Services, Inc. | $ 4,592.65 |
| Crest Hill Fire Department | $ 503.01. |

2.   The Settlement Payments shall be held in escrow in a financial institution acceptable to counsel for Standard Mutual and CNA and will be disbursed to each respective Restitution Claimant upon the entry of an order of the United States Bankruptcy

2

Court, for the District of Arizona, approving this Agreement but, in any event, the Settlement Payments shall be disbursed to each respective Restitution Claimant in good funds on account of each of their respective claims no later than January 10, 1996.

3. Upon receipt of the Settlement Payments by each respective Restitution Claimant, the following shall occur:

i) Standard Mutual, CNA, and the City of Joliet, shall file in the United States Bankruptcy Court, for the District of Arizona, a Notice of Dismissal pursuant to Rule 7041, of the Federal Rules of Bankruptcy Procedure, in the Dischargeability Proceedings.

ii) Standard Mutual, CNA, and the City of Joliet, shall withdraw their respective objections to the Debtor's Plan of Reorganization.

iii) Standard Mutual, CNA, and the City of Joliet, shall withdraw their negative votes which had been cast with respect to the Debtor's Plan of Reorganization.

iv) Standard Mutual and CNA agree to not object to a motion for modification of the sentence or parole of Robert J. Tezak, in the United States District Court, pursuant to 18 U.S.C., Rule 35, Section 3553, et seq., or any other applicable code section.

4. Upon the distribution of the Settlement Payments, the Restitution Claimants agree to acknowledge to the appropriate state, federal and local authorities that the restitution/penalty obligation of Robert J. Tezak to the Restitution Claimants have

3

been fully paid and satisfied.

5. Upon distribution of the Settlement Payments, the Restitution Claimants, or their representatives or counsel, will initiate written or oral communication or appear before, on reasonable notice, Judge Anderson, the sentencing board, the parole board, the U.S. Attorney for the Northern District of Illinois, or any other state, local or federal official directed by Robert J. Tezak, within reason, and inform each or all of them that the Restitution Claimants, as to themselves, consider the restitution/penalty obligations of Robert J. Tezak to be fully paid and satisfied.

6. Upon distribution of the Settlement Payments, the Restitution Claimants shall cause a letter to be written to Robert J. Tezak and Warden C. E. Floyd of F.C.I. Phoenix notifying them that the restitution/penalty obligation of Robert J. Tezak to the Restitution Claimants has been satisfied.

7. Robert J. Tezak's execution of this Agreement does not constitute an admission of any culpability whatsoever and, in fact, affirmatively states herein that he is not guilty of the PIC fire and only entered a guilty plea to take advantage of the Federal Plea Agreement in the case of <u>United States v. Tezak</u>, Case No. 92 CR 652.

8. The distribution of the Settlement Payments to the Restitution Claimants shall constitute a release by the Restitution Claimants of the Debtor and all of their successors, agents and assigns from any and all claims, actions, demands, rights,

4

liabilities, that were based in whole or in part, upon the events giving rise to the restitution/penalty obligation ordered in accordance with that certain criminal judgment order dated August 5, 1994 by the Honorable Wayne R. Anderson, United States District Judge.

9. Upon distribution of the Settlement Payments, the Debtor shall release each and every Restitution Claimant and each of their successors, officers, directors, shareholders, and agents from any and all claims, actions, demands, rights, liabilities, and causes of action, foreseen or unforeseen, that they may have or hereafter have against each respective Restitution Claimant and which may be based in whole or in part upon any transaction or occurrence which had taken place on or prior to the date of this Agreement.

10. This Agreement is subject to the entry of an order by the United States Bankruptcy Court for the District of Arizona approving same.

11. This Agreement may not be amended or modified except by written instrument signed by the duly authorized representatives of each party.

12. This Agreement shall be interpreted under the laws of the State of Arizona.

13. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which that is so executed and delivered shall be deemed to be an original, and all of which taken together shall

5

constitute but one in the same instrument.

STANDARD MUTUAL INSURANCE
COMPANY

By: _____
Its: _____

CONTINENTAL CASUALTY COMPANY

By: _____
Its: _____

CITY OF JOLIET

By: _____
Its: _____

COLONIAL PENN INSURANCE COMPANY

By: _____
Its: _____

CLAIMS AND INSPECTION SERVICES, INC.

By: _____
Its: _____

CREST HILL FIRE DEPARTMENT

By: _____
Its: _____

ROBERT J. TEZAK

By: _____

6

~~delivered shall be deemed to be an original and all of which taken together shall constitute but one in the same instrument.~~

**STANDARD MUTUAL INSURANCE**
  **COMPANY**

**ROBERT J. TEZAK**

By: _____
Its: _____
  _____

By: _____

**CONTINENTAL CASUALTY COMPANY**

By: *[signature]*
Its: *NRANJRU Geet Claim specialist*

**CITY OF JOLIET**

By: _____
Its: _____

**COLONIAL PENN INSURANCE COMPANY**

By: _____
Its: _____

**CLAIMS AND INSPECTION SERVICES, INC.**

By: _____
Its: _____

**CREST HILL FIRE DEPARTMENT**

By: _____
Its: _____

4

delivered shall be deemed to be an original and all of which taken together shall constitute but one in the same instrument.

STANDARD MUTUAL INSURANCE
COMPANY

By: _____
Its: Vice President - Claims

ROBERT J. TEZAK

By: _____

CONTINENTAL CASUALTY COMPANY

By: _____
Its: _____

CITY OF JOLIET

By: _____
Its: _____

COLONIAL PENN INSURANCE COMPANY

By: _____
Its: _____

CLAIMS AND INSPECTION SERVICES, INC.

By: _____
Its: _____

CREST HILL FIRE DEPARTMENT

By: _____
Its: _____

-4-

constitute but one in the same instrument.

STANDARD MUTUAL INSURANCE          ROBERT J. TEZAK
COMPANY

By: _____        By: _____
Its: _____

CONTINENTAL CASUALTY COMPANY

By: _____
Its: _____

CITY OF JOLIET

By: _Mary Heulove_
Its: _Assistant Corporation Counsel_

COLONIAL PENN INSURANCE COMPANY

By: _____
Its: _____

CLAIMS AND INSPECTION SERVICES, INC.

By: _____
Its: _____

CREST HILL FIRE DEPARTMENT

By: _____
Its: _____

6

constitute but one in the same instrument.

STANDARD MUTUAL INSURANCE
COMPANY

By: _____
Its: _____

CONTINENTAL CASUALTY COMPANY

By: _____
Its: _____

CITY OF JOLIET

By: _____
Its: _____

COLONIAL PENN INSURANCE COMPANY

By: _____
Its: _____

CLAIMS AND INSPECTION SERVICES, INC.

By: _____
Its: _____

CREST HILL FIRE DEPARTMENT

By: _____
Its: _____

ROBERT J. TEZAK

By: _____

6

**EXHIBIT "C"**

# Sachnoff & Weaver, Ltd.

### Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

May 20, 1996

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

**VIA TELECOPY**

The Honorable Charles G. Case II
United States Bankruptcy Judge
United States Bankruptcy Court
 for the District of Arizona
2929 North Central Avenue
Phoenix, AZ 85012

      Re:    *In re Tezak - Case No. 94-02013-PHX-CGC and 94-02014-PHX-CGC*

Dear Judge Case:

     This is to advise your Honor that my office received a wire transfer in the amount of $50,000 from Mr. Cook's clients within the time prescribed by your Honor and the parties during the May 16, 1996 status hearing in this matter.

     Accordingly, in connection with the parties' agreement with respect to the motion for the entry of an order of default against Robert and Nancy Tezak, my clients will forebear from filing a motion for summary judgment for a period of 90 days. We are confident that during the forebearance period, Mr. Cook's clients will pay the remaining sums due under the December 19, 1995 Settlement Agreement.

     On behalf of all of the parties concerned, we appreciate your efforts in keeping the parties together in this case.

         Very truly yours,

         Charles P. Schulman

CPS/jlb

cc:   Robert M. Cook (via telecopy)
      Mary J. Kucharz (via telecopy)
      Richard G. Patrick (via telecopy)
      Steven Brown (via telecopy)
      Kenneth A. Koranda (via telecopy)

**Sachnoff & Weaver, Ltd.**

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

July 26, 1996

**VIA TELECOPY**

Robert M. Cook, Esq.
Law Offices of Robert M. Cook
201 West Second Street
Yuma, AZ 85364

Re:    *In re Tezak*

Dear Bob:

By my calculation, the restitution claimants are owed $181,000 as follows:

$170,000 balance remaining pursuant to the Settlement
Agreement plus 8% interest since December 1995.

Please inform me as to when we can receive payment. Thank you very much.

Very truly yours,

Charles P. Schulman

CPS/jlb

**Sachnoff & Weaver, Ltd.**

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

August 15, 1996

Robert M. Cook, Esq.
Law Offices of Robert M. Cook
201 West Second Street
Yuma, AZ 85364

Re:  *In re Tezak*

Dear Bob:

This confirms our receipt of a wire transfer in the amount of $119,000. There remains a balance due to the restitution claimants in the amount of $62,000, which will continue to accrue interest at 8% until paid. We understand that an additional $30,000 will be forthcoming shortly, and the remaining $32,000 likely will be paid from the proceeds of the sale of real property, the closing of which should occur within 60 days.

Very truly yours,

Charles P. Schulman

CPS/jlb

cc:   Charles Fraenkel
      Mary J. Kucharz, Esq.

** TX CONFIRMATION REPORT **    AS OF APR 28 '97 10:26 PAGE.1

COMMAND #221

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | STATUS |
|---|---|---|---|---|---|---|---|
| 001 | 4/28 | 10:25 | 5205300960 | EC--S | 00°54 | 002 | OK |

--------------------------------------------------------------

# Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive · 29th Floor · Chicago, Illinois 60606-7484
Telephone (312) 207-1000 · Fax (312) 207-6400

## Fax Cover Sheet

**DATE:** April 28, 1997          **TIME:**          **PAGES:** 2
(including cover page)

**FAX:** (520)539-0960          **TEL.:** (520)539-0959

**TO:** Robert M. Cook, Esq.          **CC:**

**COMPANY:** Law Offices of Robert M. Cook

**FROM:** Charles P. Schulman          **DIRECT TEL.:** (312) 207-3912

If you have any problems reading this transmission,
please call the fax operator at
(312) 207-1000 ext. 6177

*CONFIDENTIALITY NOTICE: The information contained in this facsimile message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please immediately notify us and return the original message to us via the U.S. Postal Service to our address listed above.*

**MESSAGE:**

robertmcook@robertmcook.com

## Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

April 28, 1997

**VIA TELECOPY**

Robert M. Cook, Esq.
Law Offices of Robert M. Cook
201 West Second Street
Yuma, AZ 85364

Re:  *In re Tezak*

Dear Bob:

This is to acknowledge our receipt of the Debtors' final installment of their settlement obligations to the class of restitution creditors.

By this letter, on behalf of Standard Mutual Insurance Company and Continental Casualty Corporation, this is to advise you that we hereby withdraw our vote rejecting the Debtors' plan of reorganization and affirmatively vote in favor of the plan.

In addition, I will shortly be sending to you for filing a stipulation of dismissal of the dischargeability complaint against the Debtors presently pending before Judge Case.

Please congratulate your clients and express to them my best wishes.

Very truly yours,

Charles P. Schulman

CPS/jlb

## Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

April 28, 1997

**VIA MESSENGER**

Charles M. Fraenkel, Esq.
Leahy, Eisenberg & Fraenkel, Ltd.
309 W. Washington Street; Suite 800
Chicago, IL 60606

Re:    *In re Tezak*

Dear Chuck:

I am pleased to enclose a check in the amount of $44,048.92 made payable to Standard Mutual Insurance Company representing Standard Mutual's final installment of its pro rata distribution under the terms of the Settlement Agreement. Also enclosed is Colonial Penn's check for $3,865.18 on account of its final distribution.

I will prepare a Stipulation of Dismissal of the dischargeability complaint. Once filed, I will consider this matter closed. It has been a pleasure working with you on this case. Thank you very much.

Very truly yours,

Charles P. Schulman

CPS/jlb
Enclosure

## Sachnoff & Weaver, Ltd.
### Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

April 28, 1997

Mr. Niranjan Goel
Claims Specialist
CNA Insurance
P.O. Box 1562
Downers Grove, IL 60515

Re:   *In re Tezak*

Dear Mr. Goel:

Enclosed is a check in the amount of $18,021.20 representing CNA's final installment of its pro rata distribution in accordance with the Tezak Settlement Agreement. Along with Standard Mutual Insurance Company, we will file a Stipulation of Dismissal of the dischargeability complaint currently pending before the Tezaks. Once filed, we will consider this matter closed. If you have any questions, please contact me. Thank you very much.

Very truly yours,

Charles P. Schulman

CPS/jlb
Enclosure

## Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Charles P. Schulman
(312) 207-3912

Facsimile (312) 207-6400

April 28, 1997

Mary J. Kucharz, Esq.
Assistant Corporation Counsel
City of Joliet
150 West Jefferson Street
Joliet, Illinois 60431

Re:  *In re Tezak*

Dear Mary:

I am pleased to enclose a check in the amount of $5,191.37 made payable to the City of Joliet representing the City's final installment of its pro rata distribution under the terms of the Settlement Agreement.

I will prepare the Stipulation of Dismissal of the adversary proceeding which should be filed in Phoenix disposing of the dischargeability complaint. If you have any questions, please contact me. Thank you very much.

Very truly yours,

Charles P. Schulman

CPS/jlb
Enclosure