UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT TEZAK, )<br>         Defendant, )<br>and )<br>ILLINOIS MUNICIPAL RETIREMENT )<br>FUND, )<br>         Third Party Citation Respondents. ) | No. 92 CR 652-5<br><br>Judge Matthew F. Kennelly |

## REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR TURNOVER ORDER

On May 9, 2014, a citation to discover assets directed to the respondent, Illinois Municipal Retirement Fund ("IMRF"), was issued. On June 10, 2014, the United States filed a Motion for Turnover ("Motion") (Dkt. 459) seeking turnover of 25% of the defendant's net monthly pension benefit from IMRF. The defendant filed an Answer to Turnover Petition ("Response") objecting to the turnover of his pension benefit contending that his pension benefit is exempt from garnishment. (Dkt. 470.) The defendant also argues that his restitution obligation has been satisfied pursuant to a settlement reached in his 1995 bankruptcy case. Neither of these contentions have merit.

### ARGUMENT

A. The Defendant's Response Was Not Timely Filed.

On November 5, 2014, this Court issued an order directing the defendant to file a response by December 1, 2014 to the United States' Motion. The defendant's Response was not timely filed and for that reason, the Court should disregard or strike the defendant's response.

On December 4, 2014, the defendant's Response was filed on the Court's CM/ECF

system. The Response was date stamped as received by the Clerk on December 3, 2014, two days after the deadline set by the Court. It does not appear that that the defendant mailed the response before the deadline, but the response was delivered to the courthouse after the deadline. Rather, it appears that the defendant placed his response in the U.S. mail after the December 1, 2014 deadline. This is evident from the December 2, 2014 date of sale printed on the postage affixed to the envelope used to mail the response to the United States. *See* Exhibit A- Copy of the transmittal envelope. Accordingly, as the defendant's response was untimely and the defendant did not file a motion with the Court for an extension of time to file his response, the Court should disregard the defendant's response.

      B. The Total Outstanding Balance Includes Amounts Owed on the Fine and Restitution.

In his Response, the defendant contends that outstanding balance due on his judgment as stated in the United States' Motion "constitutes an erroneous calculation" and is inconsistent with representations made by the United States during the revocation proceedings. (Response, pg. 2-3.) Both the July 29, 1994 judgment and the May 23, 2013 judgment for revocation of probation imposed total monetary penalties of $1,197,953.30, consisting of a fine of $659,106.00 and restitution in the amount of $538,697.30. (Dkt. No. 182 and Dkt. No. 422.) The defendant's Response fails to recognize that he owes both a fine and restitution and/or that the total monetary penalties imposed in his judgment include both a fine and restitution. The outstanding balance stated in the United States' Motion was for the amount owed by the defendant on both the fine and restitution.[1]

The defendant also asserts that he paid all restitution claimants, in full, as part of his 1995

---

[1] The Motion for Turnover stated that the outstanding balance on the defendant's judgment was $1,199,159.91 and did not reflect the credit in the amount of $291,721.58. However, in the United States' Motion For Order Setting A Deadline For Third-Party Claims And Filing A Response To The United States' Motions For Turnover Orders, the United States clarified that as of July 28, 2014, the defendant's outstanding balance was $890,122.49.

bankruptcy proceeding. During the defendant's revocation proceedings, the Court rejected the defendant's assertion that restitution was paid in full as part of the defendant's bankruptcy proceeding, but recognized that the defendant had paid his restitution victims $291,721.58 as part of a settlement in his bankruptcy proceeding. As such, the May 23, 2013 judgment provided that the defendant was to be given credit for $291,721.58 as restitution paid directly to victims. The United States has applied the credit to the defendant's restitution obligation and as of December 11, 2014, the defendant's balance is $890,066.81, consisting of $230,960.81 restitution and $659,106.00 fine, with interest accruing.

      C. The Illinois Exemption for Pension Benefits Does Not Apply.

The United States is requesting a continuing garnishment of twenty-five percent of the defendant's monthly pension payment consistent with the limitations set forth in 18 U.S.C. § 3613(a)(3) which makes the Consumer Credit Protection Act ("CCPA"),15 U.S.C. § 1673, applicable to collection of criminal restitution. In his Response, the defendant contends that Illinois state law precludes the garnishment of his IMRF pension benefits. However, Illinois state law exemptions are not available to defendants when the United States is enforcing a judgment for criminal restitution and fines.

An order of restitution is enforceable through the procedures established in 18 U.S.C. § 3613. *See* 18 U.S.C. §§ 3664(m)(1)(A)(i), 3613(f). Section 3613 provides:

> (a) Enforcement.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> >
> > (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

3

> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

Section 3613(a)(2) specifically states that 28 U.S.C. § 3014, which permits federal judgment debtors in civil collection cases to apply state law property exemptions, is not applicable when the United States is enforcing a judgment for a criminal fine or restitution. Therefore, to the extent that Illinois law conflicts with federal law governing garnishment of the defendant's pension benefits, Illinois law is preempted. *See* 28 U.S.C. § 3003(d) ("This chapter shall preempt State law to the extent such law is inconsistent with a provision of this chapter."); *United States v. DeCay*, 620 F.3d 534, 542–43 (5th Cir.2010) ("To the extent Louisiana law is inconsistent with [federal laws governing collection of restitution], Louisiana law is preempted."); *United v. Cunningham*, 866 F.Supp.2d 1050, 1056 (S.D. Iowa. 2012) ("To the extent that Iowa law conflicts with federal law governing garnishment of Defendant's IPERS [Iowa Public Employees' Retirement System] benefits, Iowa law is preempted.) Accordingly, Illinois state law exemptions do not prevent the United States from garnishing the defendant's IMRF retirement benefits to satisfy the defendant's outstanding fine and restitution.

As set forth above, federal laws govern the collection of restitution and federal law does not exempt or prohibit the assignment or alienation of pension benefits to satisfy criminal fines and restitution. The federal exemptions found in 18 U.S.C. § 3613(a)(1), do not include retirement or pension benefits and courts have consistently held that retirement and pension benefits are not exempt from garnishment. *See, e.g.*, *United States v. Irving*, 432 F.3d 401, 417 (2nd Cir. 2005) (pension plans not exempt from payment of criminal fines); *United States v. Sawaf*, 74 F.3d 119, 124 (6th Cir. 1996) (government could garnish debtor's interest in pension plan); *United States v. James*, 312 F.Supp.2d 802, 805-06 (E.D. Va. 2004) (retirement accounts

4

not exempt from garnishment for criminal fine and restitution orders); *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009) (anti-alienation of ERISA does not preclude garnishment of retirement account); *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007)("Congress intended to override ERISA anti-alienation provisions and allow the government to reach defendant's ERISA covered retirement plan benefits when enforcing criminal restitution order."); and *United States v. DeCay*, 620 F.3d 534, 540-41 (5th Cir. 2010) (authority to garnish retirement benefits not in violation of anti-alienation provision). Because pension and retirement benefits are not exempted by state or federal law, the defendant's IMRF monthly pension payments can be garnished for payment of his outstanding criminal fine and restitution.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court enter a Turnover Order directing Illinois Municipal Retirement Fund to submit to the Clerk of the Court twenty-five percent (25%) of the defendant's net monthly pension benefit for application to the defendant's outstanding fine and restitution.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney
By: s/ Elizabeth A. Wilson
 ELIZABETH A. WILSON
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 312-353-5331
 elizabeth.wilson2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR TURNOVER ORDER

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on December 11, 2014 to the following non-ECF filers:

| | |
|---|---|
| Robert Tezak | Beth Janicki Clark |
| 2340 S. Standage | Illinois Municipal Retirement Fund |
| Mesa, AZ 85202-6615 | 2211 York Road |
| | Oakbrook, IL 60523 |

      By: s/ Elizabeth A. Wilson
      ELIZABETH A. WILSON
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      312-353-5331
      elizabeth.wilson2@usdoj.gov