IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
|     Plaintiff, | ) | Case No: 92 CR 652-5 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Robert Tezak, | ) | |
|     Defendant. | ) | |

## ORDER

For the reasons stated below, the Court grants the government's motion for a turnover order as to the Illinois Municipal Retirement Fund [459]. The government has terminated its citation proceedings against JPMorgan Chase Bank NA, so Tezak's motion to quash the citations and request for turnover order as to JP Morgan Chase Bank is terminated as moot [464]. The hearing and ruling date of 1/7/2015 is vacated. Counsel for the government is directed to provide a draft order regarding IMRF by following the instructions for draft orders on Judge Kennelly's web page.

## STATEMENT

The government has moved for a turnover order directing the Illinois Municipal Retirement Fund (IMRF) to submit to the Clerk of the Court 25% of defendant Robert Tezak's net pension fund benefits starting from the date the government served its citation to discovery assets on IMRF, and continuing until Mr. Tezak's debt is paid in full or IMRF no longer has custody, possession, or control of any pension fund benefits belonging to Mr. Tezak.

Mr. Tezak objects on two grounds: he contends that his restitution obligation was paid in full via a settlement made in his bankruptcy case, and he contends that his pension benefits are exempt from seizure under Illinois law, specifically 40 ILCS 5/7-217.

The Court overrules Mr. Tezak's objections. First, as the government correctly argues, the judgments against Mr. Tezak entered in July 1994 and May 2013 imposed a total obligation of $1,197.953.30—a fine of $659,106, and restitution of $538,697.30. Mr. Tezak owes the entire amount of this obligations. As this Court has previously ruled, and contrary to his argument, the settlement that he entered into in bankruptcy court *did not* wipe out the restitution portion of his obligation. Mr. Tezak is entitled to credit for the amount that he paid directly to the victims of his crimes, specifically $291,721.58. That means his current balance due is $890,066.81--$230,960.81 in restitution, and $659,106 in fines. The government is entitled to collect that amount from him.

Second, the Court agrees with the government that Illinois's statutory exemption of pension benefits from garnishment does not trump a federal judgment for restitution and fines.   Under a federal statute, 18 U.S.C. § 3613(a)(2), state-law property exemptions do not apply with the federal government is enforcing a judgment for criminal fines or restitution.   Any state law that conflicts with federal law in this regard is preempted by federal law.   See 28 U.S.C. § 3003(d); *see, e.g., United States v. Cunningham*, 866 F. Supp. 2d 1050, 1055-56 (S.D. Iowa 2012) (state law prohibiting garnishment of state governmental pension benefits is preempted by federal law in context of federal criminal restitution).   The federal restitution statute does exempt some types of property from garnishment, but this does not include retirement or pension benefits.   *See, e.g., United States v. Irving*, 432 F.3d 401, 417 (2d Cir. 2005).

For these reasons, the Court grants the government's motion for a turnover order as to the IMRF.   The government has terminated its citation and turnover proceedings vis-à-vis JP Morgan Chase Bank, so Mr. Tezak's motion to vacate those proceedings is moot.

_____
                              MATTHEW F. KENNELLY
                              United States District Judge

Date:   12/24/2014

2