

**FILED**

**DEC 3 1 2014**

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

Robert J. Tezak

2340 S. Standage

Mesa, AZ 85202-6615

Pro se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v ) | |
| ) | No. 92 CR 652-5 |
| ROBERT J. TEZAK ) | Judge Matthew F. Kennelly |
| Defendant ) | Answer to Turnover Petition |
| and ) | |
| ILLINOIS MUNICIPAL RETIREMENT) | |
| FUND and JP MORGAN CHASE ) | |
| BANK NA and MERRILL LYNCH ) | |

Comes now the Defendant, Robert J. Tezak, and makes the following answer to the Motion for Turnover Orders on Illinois Municipal Retirement Fund and JP Morgan Chase Bank NA and Merrill Lynch.

## ILLINOIS MUNICIPAL RETIREMENT FUND

The Turnover Order is for the non-exempt portion of the monthly distribution to be turned over. Since Defendant is a participant in the Pension Retirement Fund the entire monthly distribution of benefits is exempt and the non-exempt portion of the distribution is zero. The benefits are protected from judgment, execution, garnishment, attachment or other seizure process. Defendant specifically requests that any exempt monies wrongly turned over by the Illinois Municipal Retirement Fund be properly returned to his account in the Fund.

## JP MORGAN CHASE BANK NA

This bank account at JP Morgan Chase Bank NA is owned by the Defendant's parents for their sole use of receiving Social Security benefits and the payment of their personal monthly living expenses. Because of their advanced age, the Defendant's name was included on the account for the sole purpose of the payment of their monthly expenses. Defendant has absolutely no ownership or beneficial interest in the account and has not comingled his funds in the account. There is letter on file with the Court written and signed by Defendant's Father stating that fact.

## MERRILL LYNCH

The Turnover Order is for the non-exempt portion of the funds deposited in the Defendant's Account. This account is specifically titled as an IRA Retirement Account for the sole use and benefit of the Defendant. Since the funds deposited in the account are fully exempt the non-exempt portion of the funds is zero. The funds are protected from judgment, execution, garnishment, attachment or other seizure process. Defendant specifically requests that any exempt monies wrongly turned by Merrill Lynch be properly returned to his account.

For the reasons given by the Defendant above, the Defendant prays that the Court deny the Turnover Motion in all counts. Since the Government insists that they can continually request the Turnover Orders as they want, Defendant asks the Court deny any further Turnover Orders.

Respectfully submitted this 30 day of December, 2014

*Robert J. Tezak*

Robert J. Tezak, Defendant

Copies sent to:

Zachary T. Fardon

Elizabeth A. Wilson

U. S. Attorney's

219 South Dearborn Street

Chicago, Illinois 60604


Paul R, Bjekich

3225 Corporate Drive

Joliet, IL 60431